1   Rosa K. Hirji (SBN 204722)
      *rosa@rkhlawoffice.com*
2   Alexander F. Rodriguez (SBN 322700)
      *alex@rkhlawoffice.com*
3   **HIRJI, CHAU & RODRIGUEZ, LLP**
4   5173 Overland Avenue
    Culver City, CA 90230
5   Tel: (310) 391-0330 // Fax: (310) 943-0311

6   *Attorneys for Defendants* Oliver Angus,
    Michael Angus*, and* Jamie Angus
7
    *Additional counsel listed on next page.*
8
                **UNITED STATES DISTRICT COURT**
9
              **NORTHERN DISTRICT OF CALIFORNIA**
10

11  | | |
    |---|---|
12  | M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al. | CASE NO. 2:23−CV−09957-SRM-MAR *Assigned for all purposes to the Honorable Serena R. Murillo* |

13
14                Plaintiff,          **DEFENDANTS' MOTION TO QUASH PLAINTIFFS' SOCIAL**
15  v.                                **MEDIA SUBPOENAS FOR PRODUCTION OF**
16  Oliver Angus, et al.              **DOCUMENTS**

17                Defendant.          Complaint Filed:   November 22, 2023
18                                    FAC Filed:         January 8, 2024
                                      SAC Filed:         June 24, 2024
19                                    TAC Filed:         October 21, 2024
                                      Trial Date:        April 21, 2026
20

21
22                                    [Filed Concurrently with Defs' Notice of
                                      Motion to Quash Plfs' Subpoenas;
23                                    Declarations of Alex Rodriguez and
                                      Jennifer L. Stone; Defs' Exhibits A
24                                    through I; (Proposed) Order on Defs'
                                      Motion to Quash Plfs' Subpoenas]
25

26

27

28

---
                                    i
    **DEFENDANTS' MOTION TO QUASH PLAINTIFFS' SOCIAL MEDIA SUBPOENAS**

BORDIN SEMMER LLP
Joshua Bordin-Wosk, State Bar No. 241077
jbordinwosk@bordinsemmer.com
Bryan C. Swaim, State Bar No. 289729
bswaim@bordinsemmer.com
Jennifer L. Stone, State Bar No. 325493
jstone@bordinsemmer.com
6100 Center Drive, Suite 1100
Los Angeles, CA 90045
Telephone: (323) 457-2110
Facsimile: (323) 457-2120

*Attorneys for Defendants* Marae Cruce, Gregory Pitts, Antonio Shelton, and Santa Monica-Malibu Unified School District

**DEFENDANTS' MOTION TO QUASH PLAINTIFFS' SOCIAL MEDIA SUBPOENAS**

1

## **<u>TABLE OF CONTENTS</u>**

2

3 **I. INTRODUCTION** ................................................................1

4 **II. PROCEDURAL BACKGROUND** ...............................2

5 **III. ARGUMENT** ...............................................................4

6    **A. Plaintiffs' Social Media Subpoenas**

7      **were Improperly Served** ...............................5

8    **B. Plaintiffs' Social Media Subpoenas Seek Irrelevant**

9      **Privileged and Protective Information** ...................7

10    **C. Plaintiffs' Social Media Subpoenas Impose**

11      **an Undue Burden**................................................13

12 **IV. CONCLUSION** ........................................................15

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' MOTION TO QUASH PLAINTIFFS' SOCIAL MEDIA SUBPOENAS**

1

## <u>TABLE OF AUTHORITIES</u>

2

**CASES**

3

*Bailey v. Fair & Walker Unit Owner*

4

  2023 WL 2119490 (N.D. Ga. Jan. 17, 2023) ......................................6

5

*Bronson v. Henry Ford Health Sys*.

6

  2016 U.S. Dist. LEXIS 75004, 2016 WL 3197555 ............................5

7

*California Sportfishing Protection Alliance v.*

8

*Chico Scrap Metal, Inc.*

  299 FRD 638 (ED CA 2014) .................................................................7

9

*Europlay Capital Advisors, LLC v. Does*

10

  323 F.R.D. 628 (2018) ...........................................................................3

11

*Hone v. Presidente U.S.A. Inc*.

12

  No. 5:08–mc–80071–JF, 2008 U.S. Dist. LEXIS 55722 ...................7

13

In re Malyugin

14

  310 F. Supp. 3d 3 (D.D.C. 2018) .........................................................6

15

*Mattel, Inc. v. Walking Mountain Productions*

16

  353 F3d 792 (9th Cir. 2003)..................................................................7

17

*Oppenheimer Fund, Inc. v. Sanders*

18

  437 U.S. 340 (1978)...............................................................................4

19

*Optiver Australia Pty. Ltd. V. Tibra Trading Pty. Ltd*.

20

  2013 WL 256771, at *2-3 (N.D. Cal. Jan. 23, 2013)..........................11

21

*Quon v. Arch Wireless Operating Co.*

22

  No. 07–55282, 2008 WL 2440559........................................................12

23

*Rainsy v. Facebook, Inc.*

24

  311 F.Supp.3d 1101 (2018)...................................................................12

25

*Seattle Times Co. v. Rhinehart*

26

  467 U.S. 20 (1984).................................................................................4

27

28

*Solais v. Vesuvio's II Pizza & Grill, Inc*.
    2015 U.S. Dist. LEXIS 140798, 2015 WL 6110859 ...........................5

*Soto v. Castlerock Framing & Transport, Inc.*
    282 FRD 492 (ED CA 2012) ...............................................................7

*Theofel v. Farey–Jones*
    359 F.3d 1066 (9th Cir.2004).............................................................12

**RULES**

Federal Rules of Civil Procedure Rule 26 ........................................... 4, 7
Federal Rules of Civil Procedure Rule 45 ......................... 3, 4, 5, 6, 7, 13

**STATUTES**

18 U.S.C. §§ 2701-11 (Stored Communications Act) ..............1, 7, 11, 12

DEFENDANTS' MOTION TO QUASH PLAINTIFFS' SOCIAL MEDIA SUBPOENAS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs are leading an unchartered fishing expedition into records that are not relevant to the issues raised in this matter as they issued subpoenas to the following third parties:

(1) Reddit, Inc. c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833;

(2) TikTok Inc., c/o 2710 Gateway Oaks Dr. Sacramento, CA 95833;

(3) Apple Inc., 20705 Valley Green Drive, Cupertino, CA 95014;

(4) Google LLC. c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833; and

(5) Meta Platforms, Inc., 1 Meta Way, Menlo Park, CA 94025.

Now, Defendants Oliver Angus, Michael Angus, and Jamie Angus (collectively, "Family Defendants") and Defendants Santa Monica-Malibu Unified School District, Marae Cruce, Gregory Pitts, and Antonio Shelton (collectively, "SMMUSD Defendants") bring this motion to quash Plaintiffs' subpoenas directed to (1) Reddit Inc.; (2) TikTok Inc.; (3) Apple Inc.; (4) Google LLC; and (5) Meta Platforms, Inc (collectively herein "Social Media Subpoenas"). A motion to quash is appropriate here because the Social Media Subpoenas were untimely and improperly served as Defendants did not receive any notice of these subpoenas until March 18, 2025, which was after the date of the subpoenas directed at Apple, Google, and Reddit. In addition, a motion to quash is appropriate because Plaintiffs' Social Media Subpoenas invade the Defendants' constitutional right to privacy, their First Amendment right to anonymous and free speech, and violate the *Stored Communications Act* as the subpoenas seek contents of stored communications associated with various online accounts. In addition, a motion to quash is appropriate because Plaintiffs' Social Media Subpoenas are nothing more than an unchartered fishing expedition into documents that are wholly irrelevant to

any party's claims or defenses, and the proportional needs of this case. Plaintiffs' Social Media Subpoenas are overbroad and not tailored to a particular purpose, except to cause an undue burden, annoyance, embarrassment, and oppression. If the subpoenas stand, then Plaintiffs will receive a plethora of documents that are completely unrelated to any possible issues in this litigation.

Therefore, Defendants respectfully request that the Court grant the Defendants' motion to quash in its entirety.

## II.    PROCEDURAL BACKGROUND

On or around February 12, 2025, Plaintiffs issued a subpoena to "Apple Inc., 20705 Valley Green Drive, Cupertino, CA 95014" seeking "records, data, or information for Apple, Inc. user OLIVER ANGUS….. between the dates of April 17, 2020 through June 18, 2024". See Exhibit A.

On or around February 12, 2025, Plaintiffs issued a subpoena to "Google LLC. c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833" seeking "records, data, or information for Google user OLIVER ANGUS…..between the dates of April 17, 2020 through June 18, 2024." See Exhibit B.

On or around February 12, 2025, Plaintiffs issued a subpoena to "Reddit, Inc. c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833" seeking "records, data, or information for Reddit.com user OLIVER ANGUS…..between the dates of April 17, 2020 through June 18, 2024. See Exhibit C.

On or around February 18, 2025, Plaintiffs issued a subpoena to "TikTok Inc., c/o 2710 Gateway Oaks Dr. Sacramento, CA 95833" seeking "records, data, or information for TikTok user OLIVER ANGUS ….between the dates of April 17, 2020 through June 19, 2024." See Exhibit D.

On or around February 24, 2025, Plaintiffs issued a subpoena to "Meta Platforms, Inc., 1 Meta Way, Menlo Park, CA 94025" seeking "records, data, or

**DEFENDANTS' MOTION TO QUASH PLAINTIFFS' SOCIAL MEDIA SUBPOENAS**

information for Instagram user OLIVER ANGUS between the dates of April 17, 2020 through June 18, 2024." See Exhibit E.

On March 18, 2025, SMMUSD Defendants' counsel, Jennifer Stone, via email alerted the Parties that a subpoena had been served on Google LLC as Google LLC had contacted SMMUSD regarding a subpoena, but that SMMUSD Defendant was not in receipt of any subpoena. See Exhibit F.

Thereafter, on March 18, 2025, Plaintiffs' counsel, Morgan Ricketts, notified the Defendants for the first time that Plaintiffs had issued the aforementioned subpoenas, and for the first time provided copies of the aforementioned subpoenas to both Defendants. See Exhibit G.

On March 18, 2025, Plaintiffs' counsel, Morgan Ricketts, informed the deposition officer in regard to the aforementioned subpoena to not produce any records received until the parties have had an opportunity to meet and confer. See Exhibit H.

On March 21, 2025, the Family Defendants sent Plaintiffs' counsel and SMMUSD Defendants counsel a meet and confer letter regarding a motion to quash as to the aforementioned subpoenas. See Exhibit I.

On March 25, 2025, Family Defendants' counsel, Alex Rodriguez, SMMUSD Defendants' counsel, Jennifer Stone, and Plaintiffs' counsel, Morgan Ricketts, participated in a telephone meet and confer, but could not reach an agreement on the issued now raised in this instant motion. Decl. Rodriguez, ¶13. Decl. Stone, ¶13.

On April 7, 2025, Family Defendants' counsel, Alex Rodriguez, emailed Plaintiffs' counsel informing them that pursuant to *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628 (2018) and Federal Rules of Civil Procedure, Rule 45, Defendants jointly believe that this instant Motion to Quash is required to be filed in the Northern District of California, and not the Central District of California because Plaintiffs' five Social Media Subpoenas require compliance in

**DEFENDANTS' MOTION TO QUASH PLAINTIFFS' SOCIAL MEDIA SUBPOENAS**

the Northern District of California as the that is where the record custodians are located for the five third parties subpoenaed. Decl. Rodriguez, ¶14.

On April 15, 2025, Plaintiffs' counsel, Morgan Rickett, responded with "Fine.". Decl. Rodriguez, ¶15.

## III.    ARGUMENT

Under Federal Rules of Civil Procedure, Rule 26, the Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). However, a court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Under Rule 26(c), the Court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Moreover, Federal Rules of Civil Procedure, Rule 45, governs the issuing and service of subpoenas on non-parties. Pursuant to Federal Rules of Civil Procedure, Rule 45, a subpoena must be modified or quashed if it "requires disclosure of

privileged or other protected matter, if no exception or waiver applies," or if the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv); see also Fed. R. Civ. P. 45(d)(1) (party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena").

Here, Plaintiffs' Social Media Subpoenas seek extensive information/data related to various online accounts alleged linked to Defendant Oliver Angus, with no attempt to limit the information sought, and with much of the information being irrelevant to this litigation. Therefore, a motion to quash is warranted.

**A. Plaintiffs' Social Media Subpoenas were Improperly Served**

Defendants were only served copies of the Plaintiffs' Social Media Subpoenas after the deadline to comply had passed.

Federal Rule of Civil Procedure, Rule 45(a)(4) requires that every subpoena must be served on all parties. Courts have been willing to quash and even award sanctions based in part on a party's failure to comply with Rule 45(a)(4). See, e.g., *Bronson v. Henry Ford Health Sys*., 2016 U.S. Dist. LEXIS 75004, 2016 WL 3197555, at *2 (E.D. Mich. June 9, 2016) (granting motion to quash despite Plaintiff's service of "notice to Defendant the same day she served the subpoenas" because the failure to give notice prior to service constituted a "violation of Rule 45(a)(4)"); *Solais v. Vesuvio's II Pizza & Grill, Inc*., 2015 U.S. Dist. LEXIS 140798, 2015 WL 6110859, at *15 (M.D. N.C. Oct. 16, 2015) ("because Defendants failed to comply with Rule 45(a)(4)'s prior notice requirement, the Court will quash the nonparty subpoenas").

In addition, under Federal Rule of Civil Procedure, Rule 45(d)(3)(A)(i), the court in the district where compliance is required must quash or modify a subpoena if it does not provide a reasonable time to comply. While the term "reasonable time" has not been defined by a fixed period, factors influencing what constitutes reasonable time may include the burdens and scope of document production. See,

1   e.g., In re Malyugin, 310 F. Supp. 3d 3, 4 (D.D.C. 2018) (holding that serving a

2   subpoena noting a deposition and production of documents two days prior to the

3   date of compliance is plainly unreasonable); *Bailey v. Fair & Walker Unit Owner*

4   2023 WL 2119490 (N.D. Ga. Jan. 17, 2023) (holding that a single day to complete

5   production of documents is not an adequate amount of time).

6       Here, first and foremost, Defendants assert that these subpoenas should be

7   quashed for improper service as the Family Defendants and SMMUSD

8   Defendants, did not receive any notice of these subpoenas until March 18, 2025,

9   which was after the date of the subpoenas directed at Apple, Google, and Reddit.

10  On March 18, 2025, the Family Defendants received an email from counsel for

11  Defendant SMMUSD that Google had contacted them regarding the subpoena,

12  which neither Defendants were aware that these subpoenaed had been issued, and

13  that was the first instance in which Defendants became aware of the five

14  aforementioned subpoenas. In order to have valid service of the subpoenas,

15  Plaintiffs should have served the parties with the subpoenas prior to serving the

16  providers, especially when the Plaintiffs' Social Media Subpoenas seek

17  information related to Defendant Oliver Angus' records, and his email account

18  associated with SMMUSD.

19      In addition, Plaintiffs' subpoenas were served on Family Defendants and

20  SMMUSD Defendants on March 18, 2025, with a production date of March 17,

21  2025. Given the volume of records and documents requested by Plaintiffs, it is

22  evident that the subpoenas should have been served several weeks before the

23  production date. However, Plaintiff did not serve the Defendants until one day

24  after the requested production date. As previously stated, Plaintiff should have

25  served the Defendants prior to serving the providers to ensure that the documents

26  would be produced in a timely manner. Plaintiffs' failure to timely serve Family

27  Defendants and SMMUSD Defendants constitutes a violation of the Federal Rule

28  45(d)(3)(A)(i). This untimely service not only created an unnecessary burden on

1   the Defendants, but also hindered the efficient progression of the case.

2       Therefore, the Plaintiffs' Social Media subpoenas should be quashed as they

3   were improperly served.

4   **B. Plaintiffs' Social Media Subpoenas Seek Irrelevant Privileged and**

5       **Protective Information**

6       Plaintiffs' Social Media Subpoenas invade the Defendants' constitutional right

7   to privacy, their First Amendment right to anonymous and free speech, and violate

8   the *Stored Communications Act* as the subpoenas seek contents of stored

9   communications associated with various online accounts.

10      The general rule is that a party has no standing to move to quash a subpoena

11  served upon a third party except as to privilege claims relating to any documents

12  being sought. *California Sportfishing Protection Alliance v. Chico Scrap Metal,*

13  *Inc.*, 299 FRD 638, 643 (ED CA 2014). A party claiming privilege as to the

14  subpoenaed documents may move: to quash the subpoena (e.g. for improper

15  service, inadequate description, or lack of control of the designated documents); to

16  modify the subpoena on the grounds it requires disclosure of privileged or

17  otherwise protected information, or subjects a person to undue burden (FRCP

18  45(d)(3); or for a protective order under Rule 26(c) (to prevent annoyance,

19  embarrassment, oppression, undue burden). A subpoena may be quashed where it

20  is "served for the purpose of annoying and harassment and not really for the

21  purpose of getting information." [*Mattel, Inc. v. Walking Mountain Productions*,

22  353 F3d 792, 814 (9th Cir. 2003). In addition, a party may seek to quash a

23  subpoena by emphasizing that the documents can be sought from a party or other

24  sources without the need to seek them from a nonparty by subpoena. *Soto v.*

25  *Castlerock Framing & Transport, Inc.*, 282 FRD 492, 505 (ED CA 2012); see also

26  *Hone v. Presidente U.S.A. Inc.*, No. 5:08–mc–80071–JF, 2008 U.S. Dist. LEXIS

27  55722, *4 (N.D. Cal. July 21, 2008) (quashing, on plaintiff's motion, a subpoena

28  delivered to Yahoo that sought emails from plaintiff's email account because it

---
**7**
**DEFENDANTS' MOTION TO QUASH PLAINTIFFS' SOCIAL MEDIA SUBPOENAS**

1  complying with the subpoena would result in an "impermissible disclosure of

2  information").

3      Here, Defendants argue that the information sought by the Plaintiffs is not only

4  overly broad but also entirely irrelevant to the present case. The subpoenas issued

5  to Google and Apple encompass highly sensitive information that unquestionably

6  belongs to SMMUSD Defendants. Specifically, Plaintiffs' requests include details

7  regarding "**the means and source of payment for such a service (including**

8  **bank account or credit card number.).** This language, as drafted by Plaintiffs,

9  effectively demands SMMUSD Defendants' financial account information, which

10  would result in the disclosure of personal contact details of SMMUSD Defendants'

11  employees involved with setting up email accounts through Google. Such requests

12  are not only invasive but also fail to meet the threshold of relevance necessary to

13  justify the disclosure of private financial and personal information. Courts have

14  consistently held that discovery requests must be narrowly tailored and directly

15  related to the claims at issue. However, Plaintiffs' requests are nothing more than a

16  fishing expedition, seeking confidential financial details and private employee

17  information that have no relevance to the underlying claims.

18      Moreover, Defendants assert that the information sought invades the

19  Defendants' constitutional right to privacy, and their First Amendment right to

20  anonymous and free speech. Plaintiffs' Social Media Subpoenas seek extensive

21  private data related to Defendant Oliver Angus' online accounts, including "**All**

22  **Basic Subscriber Information**", which includes but not limited to "associated

23  email addresses, phone numbers, and IP addresses of individuals or entities used

24  upon creation of account", "personal identifies, including names, usernames, login

25  names, email addresses, and screen names", telephone or instrument number",

26  "addresses associated with the account", "billing records or records of session

27  times and durations", "length of service and types of service utilized", "means and

28  source of payment for such services (including bank account or credit card

**DEFENDANTS' MOTION TO QUASH PLAINTIFFS' SOCIAL MEDIA SUBPOENAS**

number)", and "all requests to delete OLIVER ANGUS's account(s)". In addition, Plaintiffs Social Media Subpoenas seek extensive private data related to Defendant Oliver Angus' online accounts, such as "**All Transitional Information**", which includes but not limited to "device information of all devices associated with OLIVER ANGUS", "documents sufficient to identify every IP address used", "dates and times of each instance of access", "all activity logs or log files for the account and all other documents showing OLIVER ANGUS's activities from the time of account creation through June 18, 2024, including but not limited to uploading videos, **making comments on other users' videos, reactions to other users' videos, saving or bookmarking other users' videos, messaging, following, or "friending" other users, participating in live chats, and/or other activities**", "Documents or metadata sufficient to identify the specific user OLIVER ANGUS **friended, sent a message, followed, reacted, or otherwise interacted with**", "Documents or metadata sufficient to identify the specific post OLIVER ANGUS **saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post**", "Documents or metadata sufficient to identify the date and time of any post, and its user, which OLIVER ANGUS viewed more than five times", "Documents or metadata sufficient to identify the date, time, and user associated with any instance of OLIVER ANGUS", "all IP logs for Oliver Angus' username or IP address, including information about the actions taken by a user IP or IP address", "Documents or metadata sufficient to identify the date and time of all posts made by user OLIVER ANGUS", "Documents or metadata sufficient to identify the location or "geotag," if any, associated with any of user OLIVER ANGUS activities", "**Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS, for all posts made from the time of account creation through June 18, 2024, included one or more photos, audio files, or video files, and the number of each such filetype that was included in the post,**

**<u>excluding information that may contain content data, such as the photo, the</u>**
**<u>audio, or video files themselves</u>**", "Documents or metadata sufficient to identify
whether each post made by user OLIVER ANGUS for all posts made between
April 17, 2020 and June 18, 2024 included one or more files other than photos,
audio files, or video files, and the number of each such filetype that was included
in the post", "Documents or metadata sufficient to identify the number of
characters of text included in each post made by user OLIVER ANGUS for all
posts made between April 17, 2020 and June 18, 2024, excluding information that
may contain content data, such as the content of the post itself", "Documents or
metadata sufficient to identify the size (in KB, MB, etc) of each post made by user
OLIVER ANGUS", "For each post made by user OLIVER ANGUS between April
17, 2020 and June 18, 2024 that included a video or audio, documents or metadata
sufficient to identify the length of the video or audio of each post, excluding
information that may contain content data", "For each post made by user OLIVER
ANGUS between April 17, 2020 and June 18, 2024 that included a photo, video or
audio, documents or metadata sufficient to identify whether any filters, added text,
or other manipulation was performed on the photo, video, or audio", "For any
posts made by user OLIVER ANGUS from the time the account was created and
continuing until June 18, 2024 that included added text superimposed over the
video or photo itself, documents and metadata sufficient to identify the total
number of characters of the added text as well as the timestamps when the added
text was visible", "All data showing account logins and/or logouts for OLIVER
ANGUS's account", "The types of services utilized by OLIVER ANGUS, the
length of service (including start date), and the means and source of any payments
associated with the service from the time the account was created and continuing
until June 18, 2024", "All privacy settings and other account settings", "All records
regarding parental controls, including screen time management, restricted mode,
and/or family pairing", "**<u>Records pertaining to the date and time of all</u>**

**communications between [third party] and any person regarding OLIVER**

**ANGUS**", "Any investigation(s) [third party] may have conducted into OLIVER

ANGUS's account as a result of complaints, "flags" by OLIVER ANGUS or by

other users regarding content posted by OLIVER ANGUS, or for any other reason,

whether the purpose of the investigation was to determine whether to suspend an

account, report activity to a government agency, ban or block particular posts, or

for any other purpose", "All requests to delete OLIVER ANGUS's account", and

"All names of accounts associated by browser cookie and/ or Machine ID".

Moreover, Plaintiffs' Social Media Subpoenas seek extensive private data related

to Defendant Oliver Angus' online accounts, including all "**Other Non-Content**

**Information**", which includes "**any other information ordinarily captured by**

**[third-party] in the ordinary course of business regarding or relating to**

**OLIVER ANGUS's account(s)**."

Overall, as can be seen above, the extensive information that Plaintiffs seek

above invades the Defendants' constitutional right to privacy, and their First

Amendment right to anonymous and free speech, especially as it seeks

communications to non-parties to this litigation, and also banking information that

has no bearing on this case. Moreover, Plaintiffs' Social Media Subpoenas target

online accounts associated with Defendant Oliver Angus email account linked to

the SMMUSD, which therefore would also be seeking educational records that

have no bearing on this case.

Furthermore, Defendants contend the subpoenas seek documents that violate

the *Stored Communications Act*, 18 U.S.C. §§ 2701-11, as the subpoenas seek

contents of stored communications associated with various online accounts.

*Optiver Australia Pty. Ltd. V. Tibra Trading Pty. Ltd*., 2013 WL 256771, at *2-3

(N.D. Cal. Jan. 23, 2013). The *Stored Communications Act* prohibits (1) Reddit

Inc.; (2) TikTok Inc.; (3) Apple Inc.; (4) Google LLC; and (5) Meta Platforms, Inc;

from disclosing the stored contents of Defendant Oliver Angus' online accounts

solely at Plaintiffs' request. The *Stored Communications Act* governs disclosure of information by providers of electronic communication services ("ECS") and remote computing services ("RCS"), such as (1) Reddit Inc.; (2) TikTok Inc.; (3) Apple Inc.; (4) Google LLC; and (5) Meta Platforms, Inc, and thus these third parties are subject to the *Stored Communications. Act*. *See Theofel v. Farey–Jones,* 359 F.3d 1066, 1070 and 1075 (9th Cir.2004) (holding that NetGate, an Internet Service Provider that stored e-mails on its servers after delivery to the recipient, was an ECS for purposes of the SCA), *cert. denied,* 543 U.S. 813, 125 S.Ct. 48, 160 L.Ed.2d 17 (2004); *see also Quon v. Arch Wireless Operating Co.,* No. 07–55282, 2008 WL 2440559 at *8 (9th Cir. June 18, 2008) (quoting *Theofel's* classification of NetGate with approval). An ECS or RCS "can release private information to, or with the lawful consent of 'an addressee or intended recipient of such communication,' whereas only an RCS can release such information 'with the lawful consent of ... the subscriber.'" *Quon,* 529 F.3d 892, 2008 WL 2440559, at *5 (citations to SCA omitted). Overall, the *Stored Communication Act* prohibits these third-party providers from divulging the contentions of communications in electronic storage to any person, or entity, including in response to a civil subpoena. *Rainsy v. Facebook, Inc.*, 311 F.Supp.3d 1101 (2018).

Moreover, Plaintiffs make no attempts to limit the scope of their subpoenas and seek information that explicitly invades the Defendants' constitutional right to privacy, their First Amendment right to anonymous and free speech, and the *Stored Communications Act*. For example, Plaintiffs seek "all activity logs or log files for the account and all other documents showing OLIVER ANGUS's activities from the time of account creation through June 18, 2024, including but not limited to uploading videos, **making comments on other users' videos, reactions to other users' videos, saving or bookmarking other users' videos, messaging, following, or "friending" other users, participating in live chats, and/or other**

---

**DEFENDANTS' MOTION TO QUASH PLAINTIFFS' SOCIAL MEDIA SUBPOENAS**

**activities**", "Documents or metadata sufficient to identify the specific user OLIVER ANGUS **friended, sent a message, followed, reacted, or otherwise interacted with**", and "Documents or metadata sufficient to identify the specific post OLIVER ANGUS **saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post**". According this information, Plaintiffs' Social Media Subpoenas seeks non-content information related to non-parties to this litigation and private communications and information, such as bank information. If Plaintiffs' subpoenas stand, then Plaintiffs will receive a plethora of documents, including potentially communications between Defendants and their attorneys. Overall, Plaintiffs' Social Media Subpoenas seek information that is not pertinent to the issues at hand and does not bear on the resolution of the case.

### C. Plaintiffs' Social Media Subpoenas Impose an Undue Burden

Plaintiffs' Social Media Subpoenas are nothing more than an unchartered fishing expedition into documents that are wholly irrelevant to any party's claims or defenses, and the proportional needs of this case. Plaintiffs' Social Media Subpoenas are overbroad and not tailored to a particular purpose, except to cause an undue burden, annoyance, embarrassment, and oppression. If the subpoenas stand, then Plaintiffs will receive a plethora of documents that are completely unrelated to any possible issues in this case.

Federal Rule of Civil Procedure, Rule 45(d)(1) mandates that a party or attorney issuing a subpoena must take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena. The subpoena issued to Apple Inc. demands the production of a vast array of documents and information spanning over four years, including basic subscriber information, transactional information, and other non-content information. Such a broad request imposes an undue burden on Apple Inc. and is not narrowly tailored to the needs of this case.

Here, Plaintiffs are leading an unchartered fishing expedition into documents

that are wholly irrelevant to any party's claims or defenses, and the proportional needs of this case. Plaintiffs' Third Amended Complaint claims against the Defendants arise under federal law for disability discrimination, state law intentional tort claims of sexual battery, assault, battery, and state law unintentional tort claims of Nonstatutory Parental liability and Negligence. Nowhere does Plaintiffs' Third Amended Complaint raises claims of cyberbullying, defamation, and/or claims that Defendants inappropriately disseminated information regarding the Plaintiffs. As such, Plaintiffs Third Amended Complaint raises no claims or facts to warrant this overboard unchartered fishing expedition into Defendants' social media information, especially as the information seeks communications with nonparties, including attorney communication, bank account information, and education records.

In addition, Plaintiffs' Social Media Subpoenas are overboard as to time because they seek information for over a four year period, from April 17, 2020 through June 18, 2024. Moreover, a vast amount of time in which Plaintiffs seeks includes time in which this litigation was pending as Plaintiffs' Complaint was filed on November 22, 2023, and time in which Oliver Angus had no contact with Plaintiffs.

Based on the extensive information sought by Plaintiffs, the information in no way comports to the needs of this litigation, and Plaintiffs subpoenas should be quashed as this is nothing more than an unchartered boundless fishing expedition.

//
//
//
//
//
//
//

## IV.    CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court **GRANT** this motion to quash in its entirety.

DATED: April 25, 2025                    HIRJI, CHAU & RODRIGUEZ, LLP

                                         _____
                                         Alexander F. Rodriguez
                                         Attorneys for Family Defendants

Dated: April 25, 2025                    **BORDIN SEMMER, LLP**

                                         By: _____
                                         Jennifer L. Stone
                                         Attorneys for SMMUSD
                                         Defendants

## <u>SIGNATURE ATTESTATION</u>

Pursuant to Local Rule 5.1, I, Alexander F. Rodriguez, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing content and have authorized this filing.

DATED: April 25, 2025                    HIRJI, CHAU & RODRIGUEZ, LLP

                                         _____
                                         Alexander F. Rodriguez
                                         Attorneys for Family Defendants

## **DECLARATION OF ALEX RODRIGUEZ IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFFS' SOCIAL MEDIA SUBPOENAS FOR PRODUCTION OF DOCUMENTS**

I, Alex Rodriguez, hereby declare as follows:

1. I am an attorney duly admitted to practice law before this Court. I am one of the attorneys handling this matter. The facts set forth herein are based upon my personal knowledge. If called upon to do so, I could and would testify competently to the information set forth herein.

2. I am one of the attorneys of record for the Defendants Oliver Angus, Michael Angus, and/or Jamie Angus (collectively "Family Defendants").

3. This declaration is submitted in support of Defendants' motion to quash Plaintiffs' social media subpoenas for production of documents.

**Social Media Subpoenas At Issue:**

4. On or around February 12, 2025, Plaintiffs issued a subpoena to "Apple Inc., 20705 Valley Green Drive, Cupertino, CA 95014" seeking "records, data, or information for Apple, Inc. user OLIVER ANGUS….. between the dates of April 17, 2020 through June 18, 2024". A true and correct copy is attached as Exhibit A.

5. On or around February 12, 2025, Plaintiffs issued a subpoena to "Google LLC. c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833" seeking "records, data, or information for Google user OLIVER ANGUS…..between the dates of April 17, 2020 through June 18, 2024." A true and correct copy is attached as Exhibit B.

6. On or around February 12, 2025, Plaintiffs issued a subpoena to "Reddit, Inc. c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833" seeking "records, data, or information for Reddit.com user OLIVER ANGUS…..between the dates of April 17, 2020 through June 18, 2024. A true and correct copy is attached as Exhibit C.

7. On or around February 18, 2025, Plaintiffs issued a subpoena to "TikTok Inc., c/o 2710 Gateway Oaks Dr. Sacramento, CA 95833" seeking "records, data, or information for TikTok user OLIVER ANGUS ….between the dates of April 17, 2020 through June 19, 2024." A true and correct copy is attached as Exhibit D.

8. On or around February 24, 2025, Plaintiffs issued a subpoena to "Meta Platforms, Inc., 1 Meta Way, Menlo Park, CA 94025" seeking "records, data, or information for Instagram user OLIVER ANGUS between the dates of April 17, 2020 through June 18, 2024." A true and correct copy is attached as Exhibit E.

**Meet and Confer Efforts:**

9. On March 18, 2025, SMMUSD Defendants' counsel, Jennifer Stone, via email alerted the Parties that a subpoena had been served on Google LLC as Google LLC had contacted SMMUSD regarding a subpoena, but that SMMUSD Defendant was not in receipt of any subpoena. A true and correct copy is attached as Exhibit F.

10. On March 18, 2025, Plaintiffs' counsel, Morgan Ricketts, notified the Defendants for the first time that Plaintiffs had issued the aforementioned subpoenas, and for the first time provided copies of the aforementioned subpoenas to both Defendants. A true and correct copy is attached as Exhibit G.

11. On March 18, 2025, Plaintiffs' counsel, Morgan Ricketts, informed the deposition officer in regard to the aforementioned subpoena to not produce any records received until the parties have had an opportunity to meet and confer. A true and correct copy is attached as Exhibit H.

12. On March 21, 2025, the Family Defendants sent Plaintiffs' counsel and SMMUSD Defendants counsel a meet and confer letter regarding a motion to quash as to the aforementioned subpoenas. A true and correct copy is

**DECLARATION OF ALEX RODRIGUEZ IN SUPPORT OF DEFENDANTS' MOTION TO QUASH PLAINTIFFS' SOCIAL MEDIA SUBPOENAS**

1    attached as Exhibit I.

2    13. On March 25, 2025, SMMUSD Defendants' counsel, Jennifer Stone,

3        Plaintiffs' counsel, Morgan Ricketts, and myself participated in a telephone

4        meet and confer, but could not reach an agreement on the issued now raised

5        in this instant motion.

6    14. On April 7, 2025, I emailed Plaintiffs' counsel informing them that pursuant

7        to *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628 (2018) and

8        Federal Rules of Civil Procedure, Rule 45, Defendants jointly believe that

9        this instant Motion to Quash is required to be filed in the Northern District

10       of California, and not the Central District of California because Plaintiffs'

11       five Social Media Subpoenas require compliance in the Northern District of

12       California as the that is where the record custodians are located for the five

13       third parties subpoenaed.

14   15. On April 15, 2025, Plaintiffs' counsel, Morgan Ricketts, responded with

15       "Fine."

16

17   I declare the above to be true and correct under penalty of perjury of the laws of

18   the State of Califoria in Culver City, California on April 25, 2025.

19

20                                              _____
                                                Alexander F. Rodriguez
21

22

23

24

25

26

27

28

**DECLARATION OF ALEX RODRIGUEZ IN SUPPORT OF DEFENDANTS' MOTION
TO QUASH PLAINTIFFS' SOCIAL MEDIA SUBPOENAS**

<u>DECLARATION OF JENNIFER L. STONE, ESQ.</u>:

**I, Jennifer L. Stone, hereby declare and state as follows:**

1. The following facts are true of my own personal knowledge, and I could testify to these facts if called upon to do so.

2. I am an attorney at law duly licensed to practice before the above-captioned Court and before all courts of the State of California. I am one of the attorneys for Defendants, MARAE CRUCE, GREGORY PITTS, ANTONIO SHELTON, and SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT ("SMMUSD Defendants") in the above-captioned action. I make this Declaration in support of the SMMUSD Defendants *Motion to Quash Plaintiffs' Social Media Subpoenas* ("the Motion") being filed concurrently herewith.

3. As set forth in the Motion, Plaintiffs are requesting records that are not relevant to the issues raised in the Complaint as they issued several subpoenas to third parties.

4. On or around February 12, 2025, Plaintiff issued a subpoena to Apple Inc. seeking records, data, or information for Apple, Inc. user Oliver Angus, attached hereto as **Exhibit "A."**

5. On or around February 12, 2025, Plaintiff issued a subpoena to Google LLC. c/o Corporation Service Company seeking records, data, or information for Google user Oliver Angus, attached hereto as **Exhibit "B."**

6. On or around February 12, 2025, Plaintiff issued a subpoena to Reddit, Inc. c/o Corporation Service Company seeking records, data, or information for Reddit user Oliver Angus, attached hereto as **Exhibit "C."**

7. On or around February 18, 2025, Plaintiff issued a subpoena to TikTok Inc., c/o seeking records, data, or information for TikTok user Oliver Angus, attached hereto as **Exhibit "D."**

8. On or around February 24, 2025, Plaintiff issued a subpoena to Meta

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
323.457.2110
323.457.2120

Platforms, Inc., seeking records, data, or information for Instagram user Oliver Angus, attached hereto as **Exhibit "E."**

9. On March 18, 2025, I wrote to the parties of this Complaint informing them that Google LLC had contacted our office in regards to a subpoena Google LLC had received from Plaintiffs, however, SMMUSD Defendants were not served the subpoena. A true and correct copy of that email is attached hereto as **Exhibit "F."**

10. On March 18, 2025, Plaintiffs' counsel notified Defendants for the first time that Plaintiffs had issued the above subpoenas and for the first time, provided Defendants with copies of subpoenas. A true and correct copy of that email is attached hereto as **Exhibit "G."**

11. On March 18, 2025, Plaintiffs' counsel informed the deposition officer of the above subpoenas and to not produce any documents until the parties had an opportunity to meet and confer. A true and correct copy of that email is attached hereto as **Exhibit "H."**

12. On March 21, 2025, the Family Defendants' counsel, Alex Rodriguez, sent parties a meet and confer letter regarding a motion to quash the above subpoenas. A true and correct copy of that email is attached hereto as **Exhibit "I."**

13. On March 25, 2024, all parties conducted a telephone meet and confer but were unable to reach an agreement.

*I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Dated: April 25, 2025

_____

Jennifer L. Stone

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
323.457.2110
323.457.2120

- 2 -
DECLARATION OF JENNIFER L. STONE, ESQ.

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Central District of California

| | |
|---|---|
| M.S., I.H., et al., | ) |
| *Plaintiff* | ) |
| v. | ) |
| Oliver Angus, Jamie Angus, Michael Angus, et al., | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   2:23-cv-09957-MWF-MAR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Apple Inc.
20705 Valley Green Drive, Cupertino, CA 95014

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Image Quest Plus LLC 215 N. Marengo Ave., Pasadena, CA 91101 (626) 744-1333 | Date and Time: 03/17/2025 10:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/12/2025

CLERK OF COURT

_____    OR    *Morgan Ricketts*
Signature of Clerk or Deputy Clerk              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
M.S., I.H., et al.,    , who issues or requests this subpoena, are:

Morgan Ricketts, Esq., 128 N. Fair Oaks Ave., Pasadena, CA 91103, mricketts@hadsellstormer.com, (626) 585-9600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Morgan Ricketts SBN 268892**<br>**Hadsell Stormer Renick & Dai LLP**<br>**128 N Fair Oaks Ave. 204**<br>**Pasadena, CA 91103**<br>ATTORNEY FOR **Plaintiff** | **(626) 585-9600** | |

| | |
|---|---|
| First Street Federal Courthouse Los Angeles<br>350 W 1st Street<br>Los Angeles, CA 90012 | |

| | |
|---|---|
| SHORT TITLE OF CASE:<br>S, M | |

| DATE:<br>03/17/2025 | TIME:<br>10:00 AM | DEP./DIV. | CASE NUMBER:<br>2:23-cv-09957-MWF-MAR |
|---|---|---|---|
| **Declaration of Service** | | | Ref. No. or File No:<br>M.S. |

United States District Court

I, the undersigned, declare under penalty of perjury that I was on the date herein referred to over the age of 21 years and

not a party to the within entitled action. I served the: **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION  - Apple.02-12-25**

On: **Apple Inc.**

**20705 Valley Green Dr  Cupertino, CA 95014**

In the above named action by delivering to and leaving with:

**Cesar Flores**  Whose title is: **Reception**

On: **2/13/2025**           Date:  **12:05 PM**

Fees paid: **$0.00**

Person attempting service:

    a. Name: **Scott M. Feely**
    b. Address: **500 Allerton Street Suite 105, Redwood City, CA 94063**
    c. Telephone number: **650-364-9612**
    d. **The fee** for this service was: **150.00**
    e. I am an independent contractor

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of fees is true and correct.



**Scott M. Feely**                                    Date: **02/19/2025**

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**Apple Attachment**

The following records, data, or information for Apple, Inc. user OLIVER ANGUS identified with the cellular numbers 669-577-8284 and/or 424-268-0113; and/or email: osa@smmk12.org; and/or username: OzoneMusicOpinions; and/or username: ozonemusic5 between the dates of April 17, 2020, through June 18, 2024:

1. **All Basic Subscriber Information** related to the user "OLIVER ANGUS", including:

   a. Subscriber registration information, including, but not limited to, names, account creation information, account creation date(s), associated email addresses, phone numbers, and IP addresses of individuals or entities used upon creation of account(s).

   b. Other personal identifiers, including names, usernames, login names, email addresses, and screen names.

   c. Telephone or instrument number or other subscriber number or identity, including any temporary assigned network addresses.

   d. Addresses associated with the account(s).

   e. Billing records or records of session times and durations.

   f. Length of service and types of service utilized.

   g. The means and source of payment for such a service (including bank account or credit card number).

   h. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continuing until June 18, 2024.

   i. Status of account(s).

/ / /

1

2. **All Transactional Information**, including:

    a. Device information for all devices associated with the OLIVER ANGUS user account including device make and model(s), device serial number(s), and associated phone number(s).

    b. Documents sufficient to identify every IP Address used to access the OLIVER ANGUS account, from the time of account creation through June 18, 2024.

    c. The dates and times of each instance of access to the OLIVER ANGUS account, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as private messages.

    d. All activity logs or log files for the account and all other documents showing OLIVER ANGUS's activities from the time of account creation through June 18, 2024, including but not limited to uploading videos, making comments on other users' videos, reactions to other users' videos, saving or bookmarking other users' videos, messaging, following, or "friending" other users, participating in live chats, and/or other activities through Apple Inc., *excluding* information that may contain content data, such as private messages.

    e. Documents or metadata sufficient to identify the specific user OLIVER ANGUS friended, sent a message, followed, reacted, or otherwise interacted with, from the time of account creation through June 18, 2024.

    f. Documents or metadata sufficient to identify the specific post OLIVER ANGUS saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post, from the time of account creation or as far back as possible through June 18, 2024,

*excluding* information that may contain content data, such as the content of the posts themselves.

g. Documents or metadata sufficient to identify the date and time of any post, and its user, which OLIVER ANGUS viewed more than five times, *excluding* information that may contain content data, such as the post itself.

h. Documents or metadata sufficient to identify the date, time, and user associated with any instance of OLIVER ANGUS's use of Apple, Inc. features, and records of the date and time of OLIVER ANGUS's use of the features, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the original or dueted post.

i. All IP logs for OLIVER ANGUS's username or IP address, including information about the actions taken by a user IP or IP address on Apple, Inc., the type of action taken, the date and time of the action, and the user ID and IP address associated with the action from the time the account was created and continuing until June 18, 2024.

j. Documents or metadata sufficient to identify the date and time of all posts made by user OLIVER ANGUS from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

k. Documents or metadata sufficient to identify the location or "geotag," if any, associated with any of user OLIVER ANGUS's activities on Apple Inc., from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

l. Documents or metadata sufficient to identify whether each post made

3

by user OLIVER ANGUS, for all posts made from the time of account creation through June 18, 2024, included one or more photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the photo, the audio, or video files themselves.

m. Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024 included one or more files other than photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the files themselves.

n. Documents or metadata sufficient to identify the number of characters of text included in each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

o. Documents or metadata sufficient to identify the size (in KB, MB, etc) of each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

p. For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a video or audio, documents or metadata sufficient to identify the length of the video or audio of each post, *excluding* information that may contain content data.

q. For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a photo, video or audio, documents or metadata sufficient to identify whether any filters, added text, or other

manipulation was performed on the photo, video, or audio, *excluding* information that may contain content data, such as any actual text content that was added.

r.  For any posts made by user OLIVER ANGUS from the time the account was created and continuing until June 18, 2024 that included added text superimposed over the video or photo itself, documents and metadata sufficient to identify the total number of characters of the added text as well as the timestamps when the added text was visible, *excluding* information that may contain content data, such as any actual text content that was added.

s.  All data showing account logins and/or logouts for OLIVER ANGUS's account, from the time the account was created and continuing until June 18, 2024, *excluding* information that may contain content data.

t.  The types of services utilized by OLIVER ANGUS, the length of service (including start date), and the means and source of any payments associated with the service from the time the account was created and continuing until June 18, 2024, *excluding* information that may contain content data.

u.  All privacy settings and other account settings, including privacy settings for individual Apple, Inc. posts and activities, and all records showing which Apple, Inc. users have been blocked by OLIVER ANGUS's account or have blocked OLIVER ANGUS's account from the time the account was created and continuing until June 18, 2024, *excluding* information that may contain content data.

v.  All records regarding parental controls, including screen time management, restricted mode, and/or family pairing from the time the account was created and continuing until June 18, 2024, *excluding*

information that may contain content data.

w.  Records pertaining to the date and time of all communications between Apple, Inc. and any person regarding OLIVER ANGUS's Apple, Inc. account, including contacts with support services and records of actions taken from the time the account was created and continuing until June 18, 2024, *excluding* information that may contain content data, such as any post that may have been discussed in the communications.

x.  Any investigation(s) Apple, Inc. may have conducted into OLIVER ANGUS's account as a result of complaints, "flags" by OLIVER ANGUS or by other users regarding content posted by OLIVER ANGUS, or for any other reason, whether the purpose of the investigation was to determine whether to suspend an account, report activity to a government agency, ban or block particular posts, or for any other purpose from the time the account was created and continuing until June 18, 2024, *excluding* information that may contain content data, such as the particular posts complained about.

y.  All requests to delete OLIVER ANGUS's account, including date and time, provided telephone number, and verification code from the time the account was created and continuing until June 18, 2024.

z.  All names of accounts associated by browser cookie and/ or Machine ID from the time the account was created and continuing until June 18, 2024.

3.  **Other Non-Content information**, including:

a.  Any other information ordinarily captured by Apple, Inc. in the ordinary course of business regarding or relating to OLIVER ANGUS's account(s) from the time the account was created and continuing until

June 18, 2024, *excluding* information that may contain content data.

# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| M.S., I.H., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:23-cv-09957-MWF-MAR |
| Oliver Angus, Jamie Angus, Michael Angus, et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Google LLC. c/o Corporation Service Company
              2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Image Quest Plus LLC | Date and Time: |
|---|---|
| 215 N. Marengo Ave., Pasadena, CA 91101 (626) 744-1333 | 03/17/2025 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/12/2025

*CLERK OF COURT*

                                        OR        *Morgan Ricketts*
_____                 _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
M.S., I.H., et al., _____ , who issues or requests this subpoena, are:
Morgan Ricketts, Esq., 128 N. Fair Oaks Ave., Pasadena, CA 91103, mricketts@hadsellstormer.com, (626) 585-9600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| DAN STORMER ESQ., Bar #101967<br>HADSELL STORMER & RENICK, LLP<br>128 N. FAIR OAKS AVENUE<br>PASADENA, CA 91103<br>*Telephone No:* 626-585-9600    *FAX No:* 626-577-7079 | |

| | |
|---|---|
| *Attorney for:* Plaintiff | *Ref. No. or File No.:* |
| *Insert name of Court, and Judicial District and Branch Court:* | |

*Plaintiff:* M.S.

*Defendant:* SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT

| **PROOF OF SERVICE**<br>**SUBPOENA** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>2:23-CV-09957-MWF-MAR |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA

3. a. *Party served:*                            GOOGLE LLC
   b. *Person served:*                CRYSTAL COLLINS, AUTHORIZED TO ACCEPT SERVICE.

4. *Address where the party was served:*    CSC, LAWYERS INCORPORATING SERVICE
                                       2710 GATEWAY OAKS DRIVE
                                       SUITE 150 N
                                       SACRAMENTO, CA 95833

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
      process for the party (1) on: Thu., Feb. 13, 2025 (2) at: 11:07AM
   b. *I received this subpoena for service on:*      Wednesday, February 12, 2025

6. *Witness fees were not demanded or paid.*

7. *Person Who Served Papers:*                         Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JEREMY GLAZE                d.  *The Fee for Service was:*   $55.00

**2300 P Street**
**Sacramento, CA 95816**
**(916) 498-0808**
**FAX (916) 498-0817**

                e.  I am: (3) registered California process server
                   (i)   Independent Contractor
                   (ii)  *Registration No.:*    2011-65
                   (iii)  *County:*           Sacramento

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date:  Fri, Feb. 14, 2025

                           **PROOF OF SERVICE**
                           **SUBPOENA**           (JEREMY GLAZE)       *dst.489685*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**Google Attachment**

The following records, data, or information for Google user "OLIVER ANGUS" identified with the Google email osa@smmk12.org between the dates of April 17, 2020, through June 18, 2024:

1. **All Basic Subscriber Information** related to the user "OLIVER ANGUS", including:

    a. Subscriber registration information, including, but not limited to, names, account creation information, account creation date(s), associated email addresses, phone numbers, and IP addresses of individuals or entities used upon creation of account(s).

    b. Other personal identifiers, including names, usernames, login names, email addresses, and screen names.

    c. Telephone or instrument number or other subscriber number or identity, including any temporary assigned network addresses.

    d. Addresses associated with the account(s).

    e. Billing records or records of session times and durations.

    f. Length of service and types of service utilized.

    g. The means and source of payment for such a service (including bank account or credit card number).

    h. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

    i. Status of account(s).

/ / /

2. **All Transactional Information**, including:

    a. Device information for all devices associated with the OLIVER ANGUS user account including device make and model(s), device serial number(s), and associated phone number(s).

    b. Documents sufficient to identify every IP Address used to access the OLIVER ANGUS account, from the time of account creation through June 18, 2024.

    c. The dates and times of each instance of access to the OLIVER ANGUS account, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as private messages.

    d. All activity logs or log files for the account and all other documents showing OLIVER ANGUS's activities from the time of account creation or as far back as possible through June 18, 2024, including but not limited to uploading videos or other posts, making comments on other users' posts, reactions to other users' posts, saving or bookmarking other users' posts, messaging, following, or "friending" other users, participating in live chats, and/or other activities through Google, *excluding* information that may contain content data, such as private messages.

    e. Documents or metadata sufficient to identify the specific user OLIVER ANGUS friended, sent a message, followed, reacted, or otherwise interacted with, from the time of account creation through June 18, 2024.

    f. Documents or metadata sufficient to identify the specific post OLIVER ANGUS saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post, from the time of

account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

g. Documents or metadata sufficient to identify the date and time of any post, and its user, which OLIVER ANGUS viewed more than five times, *excluding* information that may contain content data, such as the post itself.

h. Documents or metadata sufficient to identify the date, time, and user associated with any instance of OLIVER ANGUS's use of Google features, and records of the date and time of OLIVER ANGUS's use of the features, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the original or dueted post.

i. All IP logs for OLIVER ANGUS's username or IP address, including information about the actions taken by a user IP or IP address on Google, the type of action taken, the date and time of the action, and the user ID and IP address associated with the action from the time the account was created and continued until June 18, 2024.

j. Documents or metadata sufficient to identify the date and time of all posts made by user OLIVER ANGUS from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

k. Documents or metadata sufficient to identify the location or "geotag", if any, associated with any of user OLIVER ANGUS's activities on Google, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

l.  Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS, for all posts made from the time of account creation through June 18, 2024, included one or more photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the photo, the audio, or video files themselves.

m.  Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024 included one or more files other than photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the files themselves.

n.  Documents or metadata sufficient to identify the number of characters of text included in each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

o.  Documents or metadata sufficient to identify the size (in KB, MB, etc.) of each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

p.  For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a video or audio, documents or metadata sufficient to identify the length of the video or audio of each post, *excluding* information that may contain content data.

q.  For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a photo, video or audio, documents or

metadata sufficient to identify whether any filters, added text, or other manipulation was performed on the photo, video, or audio, *excluding* information that may contain content data, such as any actual text content that was added.

r.  For any posts made by user OLIVER ANGUS from the time the account was created and continued until June 18, 2024 that included added text superimposed over the video or photo itself, documents and metadata sufficient to identify the total number of characters of the added text as well as the timestamps when the added text was visible, *excluding* information that may contain content data, such as any actual text content that was added.

s.  All data showing account logins and/or logouts for OLIVER ANGUS's account, from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

t.  The types of services utilized by OLIVER ANGUS, the length of service (including start date), and the means and source of any payments associated with the service from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

u.  All privacy settings and other account settings, including privacy settings for individual Google posts and activities, and all records showing which Google users have been blocked by OLIVER ANGUS's account from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

v.  All records regarding parental controls, including screen time management, restricted mode, and/or family pairing from the time the

account was created and continued until June 18, 2024, *excluding* information that may contain content data.

w.  Records pertaining to the date and time of all communications between Google and any person regarding OLIVER ANGUS's Google account(s), including contacts with support services and records of actions taken from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as any post that may have been discussed in the communications.

x.  Any investigation(s) Google may have conducted into OLIVER ANGUS's account as a result of complaints, "flags" by OLIVER ANGUS or by other users regarding content posted by OLIVER ANGUS, or for any other reason, whether the purpose of the investigation was to determine whether to suspend an account, report activity to a government agency, ban or block particular posts, or for any other purpose from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as the particular posts complained about.

y.  All requests to delete OLIVER ANGUS's account, including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

z.  All names of accounts associated by browser cookie and/ or Machine ID from the time the account was created and continued until June 18, 2024.

3. **Other Non-Content information**, including:

a.  Any other information ordinarily captured by Google in the ordinary course of business regarding or relating to OLIVER ANGUS's

account(s) from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

EXHIBIT C

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| M.S., I.H., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:23-cv-09957-MWF-MAR |
| Oliver Angus, Jamie Angus, Michael Angus, et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Reddit, Inc. c/o Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Image Quest Plus LLC
215 N. Marengo Ave., Pasadena, CA 91101
(626) 744-1333 | Date and Time:

03/17/2025 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/12/2025

CLERK OF COURT

_____          OR          *Morgan Ricketts*
*Signature of Clerk or Deputy Clerk*                              _____
                                                                                                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
M.S., I.H., et al.,_____ , who issues or requests this subpoena, are:
Morgan Ricketts, Esq., 128 N. Fair Oaks Ave., Pasadena, CA 91103, mricketts@hadsellstormer.com, (626) 585-9600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| DAN STORMER ESQ., Bar #101967<br>HADSELL STORMER & RENICK, LLP<br>128 N. FAIR OAKS AVENUE<br>PASADENA, CA 91103<br>Telephone No: 626-585-9600    FAX No: 626-577-7079 | | |
| *Ref. No. or File No.:* | | |
| Attorney for: Plaintiff | | |
| Insert name of Court, and Judicial District and Branch Court: | | |
| Plaintiff: M.S. | | |
| Defendant: SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT | | |

| PROOF OF SERVICE<br>SUBPOENA | Hearing Date: | Time: | Dept/Div: | Case Number:<br>2:23-CV-09957-MWF-MAR |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA

3. a. *Party served:*
   b. *Person served:*

   REDDIT, INC.
   CRYSTAL COLLINS, AUTHORIZED TO ACCEPT SERVICE.

4. *Address where the party was served:*

   CSC, LAWYERS INCORPORATING SERVICE
   2710 GATEWAY OAKS DRIVE
   SUITE 150 N
   SACRAMENTO, CA 95833

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu., Feb. 13, 2025 (2) at: 11:07AM
   b. *I received this subpoena for service on:*    Wednesday, February 12, 2025

6. *Witness fees were not demanded or paid.*

7. *Person Who Served Papers:*
   a. JEREMY GLAZE

   **2300 P Street**
   **Sacramento, CA 95816**
   **(916) 498-0808**
   **FAX (916) 498-0817**

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*    $35.00

   e. I am: (3) registered California process server
   (i)  Independent Contractor
   (ii)  *Registration No.:*    2011-65
   (iii)  *County:*    Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: **Fri, Feb. 14, 2025**

   (JEREMY GLAZE)

   PROOF OF SERVICE
   SUBPOENA

   Rule 2.150.(a)&(b) Rev January 1, 2007

   Judicial Council Form

   dst.489684

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**Reddit Attachment**

The following records, data, or information for Reddit.com user OLIVER ANGUS identified with the username <u>OzoneMusicOpinions</u> between the dates of April 17, 2020, through June 18, 2024:

1. **All Basic Subscriber Information** related to the user "OLIVER ANGUS", including:

   a. Subscriber registration information, including, but not limited to, names, account creation information, account creation date(s), associated email addresses, phone numbers, and IP addresses of individuals or entities used upon creation of account(s).

   b. Other personal identifiers, including names, usernames, login names, email addresses, and screen names.

   c. Telephone or instrument number or other subscriber number or identity, including any temporary assigned network addresses.

   d. Addresses associated with the account(s).

   e. Billing records or records of session times and durations.

   f. Length of service and types of service utilized.

   g. The means and source of payment for such a service (including bank account or credit card number).

   h. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

   i. Status of account(s).

/ / /

2. **All Transactional Information** related to the user OLIVER ANGUS, including:

    a. Device information for all devices associated with the OLIVER ANGUS user account including device make and model(s), device serial number(s), and associated phone number(s).

    b. Documents sufficient to identify every IP Address used to access the OLIVER ANGUS account, from the time of account creation through June 18, 2024.

    c. The dates and times of each instance of access to the OLIVER ANGUS account, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as private messages.

    d. All activity logs or log files for the account and all other documents showing OLIVER ANGUS's activities from the time of account creation or as far back as possible through June 18, 2024, including but not limited to uploading posts, making comments on other users' posts, reactions to other users' posts, saving or bookmarking other users' posts, messaging, following, or "friending" other users, participating in live chats, and/or other activities through the Reddit app, *excluding* information that may contain content data, such as private messages.

    e. Documents or metadata sufficient to identify the specific user OLIVER ANGUS friended, sent a message, followed, reacted, or otherwise interacted with, from the time of account creation through June 18, 2024.

    f. Documents or metadata sufficient to identify the specific post OLIVER ANGUS saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post, from the time of account creation or as far back as possible through June 18, 2024,

*excluding* information that may contain content data, such as the content of the posts themselves.

g. Documents or metadata sufficient to identify the date and time of any post, and its user, which OLIVER ANGUS viewed more than five times, *excluding* information that may contain content data, such as the post itself.

h. Documents or metadata sufficient to identify the date, time, and user associated with any instance of OLIVER ANGUS's use of Reddit features, and records of the date and time of OLIVER ANGUS's use of the features, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the original or dueted post.

i. All IP logs for OLIVER ANGUS's username or IP address, including information about the actions taken by a user IP or IP address on Reddit, the type of action taken, the date and time of the action, and the user ID and IP address associated with the action from the time the account was created and continued until June 18, 2024.

j. Documents or metadata sufficient to identify the date and time of all posts made by user OLIVER ANGUS from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

k. Documents or metadata sufficient to identify the location or "geotag," if any, associated with any of user OLIVER ANGUS's activities on Reddit, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

l.  Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS, for all posts made from the time of account creation through June 18, 2024, included one or more photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the photo, the audio, or video files themselves.

m.  Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024 included one or more files other than photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the files themselves.

n.  Documents or metadata sufficient to identify the number of characters of text included in each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

o.  Documents or metadata sufficient to identify the size (in KB, MB, etc) of each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

p.  For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a video or audio, documents or metadata sufficient to identify the length of the video or audio of each post, *excluding* information that may contain content data.

q.  For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a photo, video or audio, documents or

metadata sufficient to identify whether any filters, added text, or other manipulation was performed on the photo, video, or audio, *excluding* information that may contain content data, such as any actual text content that was added.

r.  For any posts made by user OLIVER ANGUS from the time the account was created and continued until June 18, 2024 that included added text superimposed over the video or photo itself, documents and metadata sufficient to identify the total number of characters of the added text as well as the timestamps when the added text was visible, *excluding* information that may contain content data, such as any actual text content that was added.

s.  All data showing account logins and/or logouts for OLIVER ANGUS's account, from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

t.  The types of services utilized by OLIVER ANGUS, the length of service (including start date), and the means and source of any payments associated with the service from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

u.  All privacy settings and other account settings, including privacy settings for individual Reddit posts and activities, and all records showing which Reddit users have been blocked by OLIVER ANGUS's account and which accounts have blocked OLIVER ANGUS from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

v.  All records regarding parental controls, including screen time management, restricted mode, and/or family pairing from the time the

account was created and continued until June 18, 2024, *excluding* information that may contain content data.

w. Records pertaining to the date and time of all communications between Reddit and any person regarding OLIVER ANGUS's Reddit account, including contacts with support services and records of actions taken from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as any post that may have been discussed in the communications.

x. Any investigation(s) Reddit may have conducted into OLIVER ANGUS's account as a result of complaints, "flags" by OLIVER ANGUS or by other users regarding content posted by OLIVER ANGUS, or for any other reason, whether the purpose of the investigation was to determine whether to suspend an account, report activity to a government agency, ban or block particular posts, or for any other purpose from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as the particular posts complained about.

y. All requests to delete OLIVER ANGUS's account, including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

z. All names of accounts associated by browser cookie and/ or Machine ID from the time the account was created and continued until June 18, 2024.

3. **Other Non-Content information** relating to user OLIVER ANGUS, including:

a. Any other information ordinarily captured by Reddit in the ordinary course of business regarding or relating to OLIVER ANGUS's account(s) from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

# EXHIBIT D

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Central District of California

| | |
|---|---|
| M.S., I.H., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:23-cv-09957-MWF-MAR |
| Oliver Angus, Jamie Angus, Michael Angus, et al., | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                       TikTok Inc.
               c/o 2710 Gateway Oaks Dr, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Image Quest Plus LLC<br>215 N. Marengo Ave., Pasadena, CA 91101<br>(626) 744-1333 | Date and Time:<br><br>03/24/2025 10:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/18/2025

*CLERK OF COURT*

                                     OR     *Morgan Ricketts*

_____         _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
M.S., I.H., et al.,                                 , who issues or requests this subpoena, are:
Morgan Ricketts, Esq., 128 N. Fair Oaks Ave., Pasadena, CA 91103, mricketts@hadsellstormer.com, (626) 585-9600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| *Attorney or Party without Attorney:*<br>DAN STORMER ESQ., Bar #101967<br>HADSELL STORMER & RENICK, LLP<br>128 N. FAIR OAKS AVENUE<br>PASADENA, CA 91103<br>*Telephone No:* 626-585-9600     *FAX No:* 626-577-7079 | *For Court Use Only* |
|---|---|

*Attorney for:* Plaintiff       *Ref. No. or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*

*Plaintiff:* M.S.
*Defendant:* SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT

| **PROOF OF SERVICE**<br>**SUBPOENA** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>2:23-CV-09957-MWF-MAR |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA

3. a. Party served:                      TIKTOK INC.
   b. Person served:               MADDIE BRIGHT, AUTHORIZED TO ACCEPT SERVICE.

4. Address where the party was served:     CSC, LAWYERS INCORPORATING SERVICE
                                            2710 GATEWAY OAKS DRIVE
                                            SUITE 150 N
                                            SACRAMENTO, CA 95833

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed., Feb. 19, 2025 (2) at: 9:55AM
   b. I received this subpoena for service on:        Wednesday, February 19, 2025

6. Witness fees were not demanded or paid.

7. *Person Who Served Papers:*
   a. JEREMY GLAZE

       **2300 P Street**
       **Sacramento, CA 95816**
       **(916) 498-0808**
       **FAX (916) 498-0817**

                  Recoverable Cost Per CCP 1033.5(a)(4)(B)
d. *The Fee for Service was:*    $55.00

e. I am: (3) registered California process server
      (i)    Independent Contractor
      (ii)   *Registration No.:*    2011-65
      (iii) *County:*            Sacramento

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: **Wed, Feb. 19, 2025**

                                                             (JEREMY GLAZE)

Judicial Council Form                 PROOF OF SERVICE                            *dst.490051*
Rule 2.150.(a)&(b) Rev January 1, 2007         SUBPOENA

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
   **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
   **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
   **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**TikTok Attachment**

The following records, data, or information for TikTok user "OLIVER ANGUS" identified with the username @ozonemusic5 between the dates of April 17, 2020, through June 18, 2024:

1. **All Basic Subscriber Information** related to the user "OLIVER ANGUS", including:

    a. Subscriber registration information, including, but not limited to, names, account creation information, account creation date(s), associated email addresses, phone numbers, and IP addresses of individuals or entities used upon creation of account(s).

    b. Other personal identifiers, including names, usernames, login names, email addresses, and screen names.

    c. Telephone or instrument number or other subscriber number or identity, including any temporary assigned network addresses.

    d. Addresses associated with the account(s).

    e. Billing records or records of session times and durations.

    f. Length of service and types of service utilized.

    g. The means and source of payment for such a service (including bank account or credit card number).

    h. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

    i. Status of account(s).

/ / /

2. **All Transactional Information** related to "OzoneMusic5", including:

   a. Device information for all devices associated with the OzoneMusic5 user account including device make and model(s), device serial number(s), and associated phone number(s).

   b. Documents sufficient to identify every IP Address used to access the OzoneMusic5 account, from the time of account creation through June 18, 2024.

   c. The dates and times of each instance of access to the OzoneMusic5 account, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as private messages.

   d. All activity logs or log files for the account and all other documents showing OzoneMusic5's activities from the time of account creation through June 18, 2024, including but not limited to uploading videos, making comments on other users' videos, reactions to other users' videos, saving or bookmarking other users' videos, messaging, following, or "friending" other users, participating in live chats, and/or other activities through the TikTok app, *excluding* information that may contain content data, such as private messages.

   e. Documents or metadata sufficient to identify the specific user OzoneMusic5 friended, sent a message, followed, reacted, or otherwise interacted with, from the time of account creation through June 18, 2024.

   f. Documents or metadata sufficient to identify the specific post OzoneMusic5 saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post, from the time of account creation through June 18, 2024, *excluding*

information that may contain content data, such as the content of the posts themselves.

g. Documents or metadata sufficient to identify the date and time of any post, and its user, which OzoneMusic5 viewed more than five times from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the post itself.

h. Documents or metadata sufficient to identify the date, time, and user associated with any instance of OzoneMusic5's use of the "Duet" feature, and records of the date and time of OzoneMusic5's use of that feature, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the original or dueted post.

i. Documents or metadata sufficient to identify the date, time, and user associated with any instance of OzoneMusic5's use of the "Challenge" feature, and records of the date and time of OzoneMusic5's use of that feature, from the time of account creation through June 18, 2024, *excluding* information that may contain content data.

j. All IP logs for OzoneMusic5's username or IP address, including information about the actions taken by a user IP or IP address on TikTok, the type of action taken, the date and time of the action, and the user ID and IP address associated with the action from the time the account was created and continued until June 18, 2024.

k. Documents or metadata sufficient to identify the date and time of all posts made by user OzoneMusic5 from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

l.  Documents or metadata sufficient to identify the location or "geotag," if any, associated with any of user OzoneMusic5's activities on TikTok, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

m. Documents or metadata sufficient to identify whether each post made by user OzoneMusic5, for all posts made from the time of account creation through June 18, 2024, included one or more photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the photo, the audio, or video files themselves.

n. Documents or metadata sufficient to identify whether each post made by user OzoneMusic5, for all posts made from the time of account creation through June 18, 2024 included one or more files other than photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the files themselves.

o. Documents or metadata sufficient to identify the number of characters of text included in each post made by user OzoneMusic5 for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

p. Documents or metadata sufficient to identify the size (in KB, MB, etc) of each post made by user OzoneMusic5 for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

q. For each post made by user OzoneMusic5 between April 17, 2020 and June 18, 2024 that included a video or audio, documents or metadata

sufficient to identify the length of the video or audio of each post, *excluding* information that may contain content data.

r.  For each post made by user OzoneMusic5 between April 17, 2020 and June 18, 2024 that included a photo, video or audio, documents or metadata sufficient to identify whether any filters, added text, or other manipulation was performed on the photo, video, or audio, *excluding* information that may contain content data, such as any actual text content that was added.

s.  For any posts made by user OzoneMusic5 from the time the account was created and continued until June 18, 2024 that included added text superimposed over the video itself, documents and metadata sufficient to identify the total number of characters of the added text as well as the timestamps when the added text was visible, *excluding* information that may contain content data, such as any actual text content that was added.

t.  All data showing account logins and/or logouts for OzoneMusic5's account, from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

u.  The types of services utilized by OzoneMusic5, the length of service (including start date), and the means and source of any payments associated with the service from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

v.  All privacy settings and other account settings associated with OzoneMusic5's account, including privacy settings for individual TikTok posts and activities, and all records showing which TikTok users have been blocked by OzoneMusic5's account from the time the

account was created and continued until June 18, 2024, *excluding* information that may contain content data.

w. All records regarding parental controls, including screen time management, restricted mode, and/or family pairing from the time the account OzoneMusic5 was created and continued until June 18, 2024, *excluding* information that may contain content data.

x. Records pertaining to the date and time of all communications between TikTok and any person regarding OzoneMusic5's TikTok account, including contacts with support services and records of actions taken from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as any post that may have been discussed in the communications.

y. Any investigation(s) TikTok may have conducted into OzoneMusic5's account as a result of complaints, "flags" by OzoneMusic5 or by other users regarding content posted by OzoneMusic5, or for any other reason, whether the purpose of the investigation was to determine whether to suspend an account, report activity to a government agency, ban or block particular posts, or for any other purpose from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as the particular posts complained about.

z. All names of accounts associated by browser cookie and/ or Machine ID from the time the account was created and continued until June 18, 2024.

3. **Other Non-Content information** relating to user "OzoneMusic5," including:

a. Any other information ordinarily captured by TikTok in the ordinary course of business regarding or relating to OzoneMusic5's account(s) from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

# EXHIBIT E

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Central District of California

| | |
|---|---|
| M.S., I.H., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:23-cv-09957-MWF-MAR |
| Oliver Angus, Jamie Angus, Michael Angus, et al., | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   Meta Platforms, Inc.
                              1 Meta Way, Menlo Park, CA 94025

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Image Quest Plus LLC | Date and Time: |
|---|---|
| 215 N. Marengo Ave., Pasadena, CA 91101 (626) 744-1333 | 03/31/2025 10:00 am |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/24/2025

CLERK OF COURT

                                                    OR

_____          *Morgan Ricketts*
*Signature of Clerk or Deputy Clerk*          _____
                                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
M.S., I.H., et al., _____ , who issues or requests this subpoena, are:
Morgan Ricketts, Esq., 128 N. Fair Oaks Ave., Pasadena, CA 91103, mricketts@hadsellstormer.com, (626) 585-9600

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Morgan Ricketts SBN 268892**<br>**Hadsell Stormer Renick & Dai LLP**<br>**128 N Fair Oaks Ave. 204**<br>**Pasadena, CA 91103**<br>ATTORNEY FOR    **Plaintiff** | **(626) 585-9600** | |

| First Street Federal Courthouse Los Angeles<br>350 W 1st Street<br>Los Angeles, CA 90012 |
|---|

| SHORT TITLE OF CASE:<br>S, M.S. , I.H., et al v. Angus, Oliver et al. |
|---|

| DATE:<br>03/31/2025 | TIME:<br>10:00 AM | DEP./DIV. | CASE NUMBER:<br>2:23-cv-09957-MWF-MAR |
|---|---|---|---|
| **Declaration of Service** | | | Ref. No. or File No:<br>M.S. |

United States District Court

I certify that I am authorized to serve the Summons and Complaint in the within action pursuant to F.R.Civ.P 4(c) and that I served the:

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION - Instagram(Meta).02-24-25**

On: **Meta Platforms, Inc.**

I served the summons at:

**1 Meta Wy  Menlo Park, CA 94025**

On: **2/24/2025**          Date:  **05:20 PM**

In the above mentioned action  by personally serving to and leaving with

**Luis Lopez  -  Lead Security/Authorized to Accept**

A declaration of diligence and/or mailing is attached if applicable

Person attempting service:

    a. Name: **Gregory Vartanian**
    b. Address: **500 Allerton Street Suite 105, Redwood City, CA 94063**
    c. Telephone number: **650-364-9612**
    d. **The fee** for this service was: **125.00**
    e. I am an independent contractor:

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of fees is true and correct.

**Gregory Vartanian**          Date: **02/26/2025**

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**Instagram Attachment**

The following records, data, or information for Instagram user "OLIVER ANGUS" between the dates of April 17, 2020, through June 18, 2024:

1. **All Basic Subscriber Information** related to the user "OLIVER ANGUS", including:

   a. Subscriber registration information, including, but not limited to, names, account creation information, account creation date(s), associated email addresses, phone numbers, and IP addresses of individuals or entities used upon creation of account(s).

   b. Other personal identifiers, including names, usernames, login names, email addresses, and screen names.

   c. Telephone or instrument number or other subscriber number or identity, including any temporary assigned network addresses.

   d. Addresses associated with the account(s).

   e. Billing records or records of session times and durations.

   f. Length of service and types of service utilized.

   g. The means and source of payment for such a service (including bank account or credit card number).

   h. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

   i. Status of account(s).

/ / /

2. **All Transactional Information** related to the user OLIVER ANGUS, including:

    a. Device information for all devices associated with the OLIVER ANGUS user account including device make and model(s), device serial number(s), and associated phone number(s).

    b. Documents sufficient to identify every IP Address used to access the OzoneMusic5 account, from the time of account creation through June 18, 2024.

    c. The dates and times of each instance of access to the OLIVER ANGUS account, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as private messages.

    d. All activity logs or log files for the account and all other documents showing OLIVER ANGUS's activities from the time of account creation through June 18, 2024, including but not limited to uploading videos, making comments on other users' videos, reactions to other users' videos, saving or bookmarking other users' videos, messaging, following, or "friending" other users, participating in live chats, and/or other activities through the Instagram app, *excluding* information that may contain content data, such as private messages.

    e. Documents or metadata sufficient to identify the specific user OLIVER ANGUS friended, sent a message, followed, reacted, or otherwise interacted with, from the time of account creation through June 18, 2024.

    f. Documents or metadata sufficient to identify the specific post OLIVER ANGUS saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post, from the time of

account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

g. Documents or metadata sufficient to identify the date and time of any post, and its user, which OLIVER ANGUS viewed more than five times, *excluding* information that may contain content data, such as the post itself.

h. Documents or metadata sufficient to identify the date, time, and user associated with any instance of OLIVER ANGUS's use of Instagram features, and records of the date and time of OLIVER ANGUS's use of the features, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the original or dueted post.

i. All IP logs for OLIVER ANGUS's username or IP address, including information about the actions taken by a user IP or IP address on Instagram, the type of action taken, the date and time of the action, and the user ID and IP address associated with the action from the time the account was created and continued until June 18, 2024.

j. Documents or metadata sufficient to identify the date and time of all posts made by user OLIVER ANGUS from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

k. Documents or metadata sufficient to identify the location or "geotag," if any, associated with any of user OLIVER ANGUS's activities on Instagram, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

l.  Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS, for all posts made from the time of account creation through June 18, 2024, included one or more photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the photo, the audio, or video files themselves.

m.  Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS for all posts made from the time of account creation through June 18, 2024 included one or more files other than photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the files themselves.

n.  Documents or metadata sufficient to identify the number of characters of text included in each post made by user OLIVER ANGUS for all posts made from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

o.  Documents or metadata sufficient to identify the size (in KB, MB, etc) of each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

p.  For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a video or audio, documents or metadata sufficient to identify the length of the video or audio of each post, *excluding* information that may contain content data.

q.  For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a photo, video or audio, documents or

metadata sufficient to identify whether any filters, added text, or other manipulation was performed on the photo, video, or audio, *excluding* information that may contain content data, such as any actual text content that was added.

r.  For any posts made by user OLIVER ANGUS from the time the account was created and continued until June 18, 2024 that included added text superimposed over the video or photo itself, documents and metadata sufficient to identify the total number of characters of the added text as well as the timestamps when the added text was visible, *excluding* information that may contain content data, such as any actual text content that was added.

s.  All data showing account logins and/or logouts for OLIVER ANGUS's account, from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

t.  The types of services utilized by OLIVER ANGUS, the length of service (including start date), and the means and source of any payments associated with the service from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

u.  All privacy settings and other account settings, including privacy settings for individual Instagram posts and activities, and all records showing which Instagram users have been blocked by OLIVER ANGUS's account and which accounts have blocked OLIVER ANGUS from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

v.  All records regarding parental controls, including screen time management, restricted mode, and/or family pairing from the time the

account was created and continued until June 18, 2024, *excluding* information that may contain content data.

w. Records pertaining to the date and time of all communications between Instagram and any person regarding OLIVER ANGUS's Instagram account, including contacts with support services and records of actions taken from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as any post that may have been discussed in the communications.

x. Any investigation(s) Instagram may have conducted into OLIVER ANGUS's account as a result of complaints, "flags" by OLIVER ANGUS or by other users regarding content posted by OLIVER ANGUS, or for any other reason, whether the purpose of the investigation was to determine whether to suspend an account, report activity to a government agency, ban or block particular posts, or for any other purpose from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as the particular posts complained about.

y. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

z. All names of accounts associated by browser cookie and/ or Machine ID from the time the account was created and continued until June 18, 2024.

3. **Other Non-Content information** relating to user OLIVER ANGUS, including:

a.  Any other information ordinarily captured by Instagram in the ordinary course of business regarding or relating to OLIVER ANGUS's account(s) from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

# EXHIBIT F

 **Gmail**

**Travis Wester <travis@rkhlawoffice.com>**

---

## M.S., et al. v. Oliver Angus, et al. (3600.118)

1 message

---

**Jennifer Stone** <JStone@bordinsemmer.com>                    Tue, Mar 18, 2025 at 9:57 AM
To: "[ ORANGE LAW ]" <orangelawoffices@att.net>, Dan Stormer <dstormer@hadsellstormer.com>, Morgan Ricketts <mricketts@hadsellstormer.com>, Tami Galindo <tgalindo@hadsellstormer.com>, Alexander Rodriguez <alex@rkhlawoffice.com>, Rosa Hirji <rosa@rkhlawoffice.com>, "travis@rkhlawoffice.com" <travis@rkhlawoffice.com>
Cc: Bryan Swaim <BSwaim@bordinsemmer.com>, Erin Woodard <EWoodard@bordinsemmer.com>

Hi Counsel – Has anyone served a subpoena on Google? The District indicated that Google reached out, but we are not aware of any subpoena. Thanks.

Jennifer Stone

*Attorney*

Howard Hughes Center
6100 Center Drive, Suite 1100
Los Angeles, California 90045
jstone@bordinsemmer.com
TEL  323.457.2110
FAX  323.457.2120
Los Angeles | San Diego | Bay Area

**BORDIN | SEMMER**
TRIAL COUNSEL

**STRICTLY CONFIDENTIAL/SUBJECT TO ATTORNEY-CLIENT PRIVILEGE/ATTORNEY WORK PRODUCT**

Confidentiality Note: This e-mail (and any attachments hereto) is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information contained herein by anyone other than the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, is prohibited. If you have received this e-mail in error, please notify us immediately (telephone (323) 457-2110 (U.S.A.) or e-mail jstone@bordinsemmer.com and destroy the original message and all copies. Thank you.

# EXHIBIT G

                                          **Travis Wester <travis@rkhlawoffice.com>**

---

## RE: M.S., et al. v. Oliver Angus, et al. (3600.118)
1 message

**Morgan Ricketts** <mricketts@hadsellstormer.com>                    Tue, Mar 18, 2025 at 11:17 AM
To: Bryan Swaim <BSwaim@bordinsemmer.com>, Jennifer Stone <JStone@bordinsemmer.com>, "[ ORANGE LAW ]"
<orangelawoffices@att.net>, Dan Stormer <dstormer@hadsellstormer.com>, Tami Galindo <tgalindo@hadsellstormer.com>,
Alexander Rodriguez <alex@rkhlawoffice.com>, Rosa Hirji <rosa@rkhlawoffice.com>, "travis@rkhlawoffice.com"
<travis@rkhlawoffice.com>
Cc: Erin Woodard <EWoodard@bordinsemmer.com>


Yes, we just checked and realized this. We will serve shortly.



*Morgan Ricketts*

Partner

**Hadsell Stormer Renick & Dai LLP**

128 N Fair Oaks Ave

Pasadena, CA 91103

T (626) 585-9600

F (626) 577-7079

mricketts@hadsellstormer.com


**NOTICE:** This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc," and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

---

**From:** Bryan Swaim <BSwaim@BordinSemmer.com>
**Sent:** Tuesday, March 18, 2025 11:17 AM
**To:** Morgan Ricketts <mricketts@hadsellstormer.com>; Jennifer Stone <JStone@BordinSemmer.com>; [ ORANGE LAW ] <orangelawoffices@att.net>; Dan Stormer <dstormer@hadsellstormer.com>; Tami Galindo <tgalindo@hadsellstormer.com>; Alexander Rodriguez <alex@rkhlawoffice.com>; Rosa Hirji <rosa@rkhlawoffice.com>; travis@rkhlawoffice.com
**Cc:** Erin Woodard <EWoodard@bordinsemmer.com>
**Subject:** RE: M.S., et al. v. Oliver Angus, et al. (3600.118)


**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

We have no record of being served and no copy of the subpoena.  Can you forward?


BRYAN C. SWAIM

*Partner*


BORDIN SEMMER LLP

bswaim@bordinsemmer.com
TEL  323.457.2110
FAX  323.457.2120

---

**From:** Morgan Ricketts <mricketts@hadsellstormer.com>
**Sent:** Tuesday, March 18, 2025 11:12 AM
**To:** Jennifer Stone <JStone@BordinSemmer.com>; [ ORANGE LAW ] <orangelawoffices@att.net>; Dan Stormer <dstormer@hadsellstormer.com>; Tami Galindo <tgalindo@hadsellstormer.com>; Alexander Rodriguez <alex@rkhlawoffice.com>; Rosa Hirji <rosa@rkhlawoffice.com>; travis@rkhlawoffice.com
**Cc:** Bryan Swaim <BSwaim@BordinSemmer.com>; Erin Woodard <EWoodard@bordinsemmer.com>
**Subject:** RE: M.S., et al. v. Oliver Angus, et al. (3600.118)


We did. You should have been served.


*Morgan Ricketts*

Partner

**Hadsell Stormer Renick & Dai LLP**

128 N Fair Oaks Ave

Pasadena, CA 91103

T (626) 585-9600

F (626) 577-7079

mricketts@hadsellstormer.com


NOTICE: This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc," and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

---

**From:** Jennifer Stone <JStone@BordinSemmer.com>
**Sent:** Tuesday, March 18, 2025 9:58 AM
**To:** [ ORANGE LAW ] <orangelawoffices@att.net>; Dan Stormer <dstormer@hadsellstormer.com>; Morgan Ricketts <mricketts@hadsellstormer.com>; Tami Galindo <tgalindo@hadsellstormer.com>; Alexander Rodriguez <alex@rkhlawoffice.com>; Rosa Hirji <rosa@rkhlawoffice.com>; travis@rkhlawoffice.com

**Cc:** Bryan Swaim <BSwaim@BordinSemmer.com>; Erin Woodard <EWoodard@bordinsemmer.com>
**Subject:** M.S., et al. v. Oliver Angus, et al. (3600.118)

---

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

---

Hi Counsel – Has anyone served a subpoena on Google? The District indicated that Google reached out, but we are not aware of any subpoena. Thanks.


Jennifer Stone

*Attorney*

Howard Hughes Center
6100 Center Drive, Suite 1100
Los Angeles, California 90045
jstone@bordinsemmer.com
TEL 323.457.2110
FAX 323.457.2120
Los Angeles | San Diego | Bay Area

**BORDIN | SEMMER**
TRIAL COUNSEL


**STRICTLY CONFIDENTIAL/SUBJECT TO ATTORNEY-CLIENT PRIVILEGE/ATTORNEY WORK PRODUCT**

Confidentiality Note: This e-mail (and any attachments hereto) is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information contained herein by anyone other than the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, is prohibited. If you have received this e-mail in error, please notify us immediately (telephone (323) 457-2110 (U.S.A.) or e-mail jstone@bordinsemmer.com and destroy the original message and all copies. Thank you.

---

This email has been scanned for spam & viruses. If you believe this email should have been stopped by our filters, click here to report it.

# EXHIBIT H

 Gmail

**Travis Wester <travis@rkhlawoffice.com>**

---

### RE: Ntc re DO NOT PRODUCE [M.S., et al. v. Angus, et al. | 2:23-cv-09957-SRM-MAR]
1 message

**Morgan Ricketts** <mricketts@hadsellstormer.com>                                  Tue, Mar 18, 2025 at 1:43 PM
To: Travis Wester <travis@rkhlawoffice.com>, "iq@iqcopy.com" <iq@iqcopy.com>
Cc: Erin Woodard <EWoodard@bordinsemmer.com>, Bryan Swaim <BSwaim@bordinsemmer.com>, Joshua Bordin-Wosk
<JBordinWosk@bordinsemmer.com>, Jennifer Stone <JStone@bordinsemmer.com>, Tami Galindo
<tgalindo@hadsellstormer.com>, Dan Stormer <dstormer@hadsellstormer.com>, Olu Orange <orangelawoffices@att.net>,
Juan Aviles <javiles@hadsellstormer.com>, Rosa Hirji <rosa@rkhlawoffice.com>, Alexander Rodriguez
<alex@rkhlawoffice.com>, Jenny Chau <jenny@rkhlawoffice.com>

Image Quest – I am the issuing attorney. Please do not produce any records received pursuant to those
subpoenas until further  notice. The parties need to meet and confer.


*Morgan Ricketts*

Partner

**Hadsell Stormer Renick & Dai LLP**

128 N Fair Oaks Ave

Pasadena, CA 91103

T (626) 585-9600

F (626) 577-7079

mricketts@hadsellstormer.com


NOTICE: This electronic mail transmission—and any attachments—contains privileged and confidential
information. This information is intended solely for use by the recipients identified in the "To," "Cc," and "Bcc"
fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of
the contents of this transmission is prohibited. If you have received this transmission in error, please
immediately delete it and notify the sender.

---

**From:** Travis Wester <travis@rkhlawoffice.com>
**Sent:** Tuesday, March 18, 2025 1:40 PM
**To:** iq@iqcopy.com
**Cc:** Erin Woodard <EWoodard@bordinsemmer.com>; Bryan Swaim <BSwaim@bordinsemmer.com>;
Joshua Bordin-Wosk <JBordinWosk@bordinsemmer.com>; Jennifer Stone <JStone@bordinsemmer.com>;
Tami Galindo <tgalindo@hadsellstormer.com>; Dan Stormer <dstormer@hadsellstormer.com>; Olu Orange
<orangelawoffices@att.net>; Morgan Ricketts <mricketts@hadsellstormer.com>; Juan Aviles
<javiles@hadsellstormer.com>; Rosa Hirji <rosa@rkhlawoffice.com>; Alexander Rodriguez
<alex@rkhlawoffice.com>; Jenny Chau <jenny@rkhlawoffice.com>
**Subject:** Ntc re DO NOT PRODUCE [M.S., et al. v. Angus, et al. | 2:23-cv-09957-SRM-MAR]

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

To the Deposition Officer of Image Quest Plus, LLC:

PLEASE BE ADVISED that the opposing parties in the above-entitled matter were not served with the attached subpoenas until today, March 18, 2025.

These subpoenas were issued on February 12, 2025 with a production date of March 17, 2025.

THEREFORE, in light of the untimely service, Image Quest Plus, LLC is directed to withhold delivery of any records produced in response to these subpoenas pending the meet and confer process and resolution of any resulting legal action.

Your office will be contacted once the parties have met and conferred on these issues.

Kindly confirm receipt of this email.

Thank you,

Travis Wester

Paralegal

Hirji, Chau & Rodriguez, LLP

5173 Overland Avenue

Culver City, CA 90230

Phone: (310) 391-0330

Phone: (310) 391-0332

Fax: (310) 943-0311

Email: travis@rkhlawoffice.com

Website: lawyer4children.com

Like us on Facebook!

STATEMENT OF CONFIDENTIALITY: This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

This email has been scanned for spam & viruses. If you believe this email should have been stopped by our filters, click here to report it.

# EXHIBIT I

# Hirji, Chau & Rodriguez, LLP

March 21, 2025

Morgan Ricketts
Hadsell, Stormer, Renick & Dai LLP
128 N. Fair Oaks Ave.
Pasadena, CA 91103

Sent via e-mail: mricketts@hadsellstormer.com

**Re*:*** ***M.S., a minor, by and through his guardian ad litem, Jessica DeVita, and I.H., a minor, by and through her guardian ad litem, Candace Hernandez v. Oliver Angus, Michael Angus, Jamie Angus, et al*., U.S. District Court, Central District of California, Case No. CV23-09957-MWF-MAR**

Dear Mrs. Ricketts,

As you know, my office represents Defendants Oliver Angus, Jamie Angus, and Michael Angus (collectively herein known as Family Defendants) in the above-referenced matter. I am writing to initiate the meet and confer process, pursuant to Central District's Local Rule 7-3, regarding a motion to quash and/or protective order for the following subpoenas received by my office on March 18, 2025:

> (1) Reddit, Inc. c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833;

> (2) TikTok Inc., c/o 2710 Gateway Oaks Dr. Sacramento, CA 95833;

> (3) Apple Inc., 20705 Valley Green Drive, Cupertino, CA 95014;

> (4) Google LLC. c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833; and

> (5) Meta Platforms, Inc., 1 Meta Way, Menlo Park, CA 94025.

Rosa K. Hirji
Managing Partner
rosa@rkhlawoffice.com

Jenny Chau
Senior Partner
jenny@rkhlawoffice.com

Alexander Rodriguez
Partner
alex@rkhlawoffice.com

Robert D. Skeels
Senior Attorney
robert@rkhlawoffice.com

Tania Garcia
Administrative Assistant
tania@rkhlawoffice.com

Travis Wester
Paralegal
travis@rkhlawoffice.com

March 21, 2025

The general rule is that a party has no standing to move to quash a subpoena served upon a third party except as to privilege claims relating to any documents being sought. *California Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, 299 FRD 638, 643 (ED CA 2014). A party claiming privilege as to the subpoenaed documents may move: to quash the subpoena (e.g. for improper service, inadequate description, or lack of control of the designated documents); to modify the subpoena on the grounds that it requires disclosure of privileged or otherwise protected information, or subjects a person to undue burden (FRCP 45(d)(3); or for a protective order under Rule 26(c) (to prevent annoyance, embarrassment, oppression, undue burden). A subpoena may be quashed where it is "served for the purpose of annoying and harassment and not really for the purpose of getting information." [*Mattel, Inc. v. Walking Mountain Productions*, 353 F3d 792, 814 (9th Cir. 2003). In addition, a party may seek to quash a subpoena by emphasizing that the documents can be sought from a party or other sources without the need to seek them from a nonparty by subpoena. *Soto v. Castlerock Framing & Transport, Inc.*, 282 FRD 492, 505 (ED CA 2012).

Here, first and foremost, the Family Defendants assert that these subpoenas should be quashed for improper service as the Family Defendants and Defendants Santa Monica-Malibu Unified School District ("SMMUSD") and its employees, did not receive any notice of these subpoenas until March 18, 2025, which was after the date of the subpoenas directed at Apple, Google, and Reddit. On March 18, 2025, the Family Defendants received an email from counsel for Defendant SMMUSD that Google had contacted them regarding the subpoena, which neither Defendants were aware that these subpoenaed had been issued, and that was the first instance in which Defendants became aware of the five aforementioned subpoenas. Therefore, the five subpoenas should be quashed as they were improperly served.

Next, the Family Defendants assert that the information sought invades the Family Defendants' constitutional right to privacy, and their First Amendment right to anonymous and free speech. *Watchtower Bible & Tract Soc'y of New York v. Village of Stratton*, 536 U.S. 150, 166–67 (2002); *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 341–42 (1995); *Hone v. Presidente U.S.A. Inc.*, No. 5:08–mc–80071–JF, 2008 U.S. Dist. LEXIS 55722, *4 (N.D. Cal. July 21, 2008) (quashing, on plaintiff's motion, a subpoena delivered to Yahoo that sought emails from plaintiff's email account because it complying with the subpoena would result in an "impermissible disclosure of information"). Moreover, Plaintiffs are leading a fishing expedition into documents that are wholly irrelevant to any party's claims or defenses, and the proportional needs of this case. In addition, Plaintiffs' subpoenas are overbroad and not tailored to a particular purpose, except to cause an undue burden, annoyance, embarrassment, and oppression. If the subpoenas stand, then Plaintiffs will receive a plethora of documents that are completely unrelated to any possible issues in this case, such as "all basic subscriber information", which includes but not limited to "personal identifies", telephone or instrument number", "addresses associated with the account", "billing records or records of session times and durations", "means and source of payment for such services (including bank account or credit card number)". In addition, Plaintiffs will receive a plethora of documents that are completely unrelated to any possible issues of this case, such as "all transitional information", which includes but not limited to "device information of all devices associated with Oliver Angus", "documents sufficient to identify every IP address used", "dates and times of each instance of access", "all activity logs or log files", "documents or metadata sufficient to identify the specific user OLIVER Angus friended, sent a message, followed, reacted, or otherwise interacted with", "all IP logs for Oliver

March 21, 2025

Angus' username or IP address", "geotag", "privacy setting", etc.  Further, the Family Defendants contend the subpoenas seek documents that violate the Stored Communications Act as the subpoenas seek contents of stored communications associated with various online accounts. *Optiver Australia Pty. Ltd. V. Tibra Trading Pty. Ltd.*, 2013 WL 256771, at *2-3 (N.D. Cal. Jan. 23, 2013). Finally, if there is any relevant information sought by Plaintiffs, then it could be obtained through other sources, such as written and oral discovery.

Based on the foregoing, the Family Defendants intend to file a motion to quash and/or seek a protective order. Please provide your available dates to discuss the contents of this letter between March 24, 2025 and March 28, 2025, pursuant to Local Rule 7-3. I appreciate your prompt attention to this matter and hope we can resolve these issues without court intervention

Sincerely,

Alexander F. Rodriguez